UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE EDWARD SMITH, JR.,

    Petitioner,

v.

ROBERT VASHAW,

    Respondent.

_____/

Case No. 2:20-CV-10344

Paul D. Borman
United States District Judge

**OPINION AND ORDER (1) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 1), (2) DENYING AS MOOT THE MOTION FOR DOCUMENTS (ECF No. 7), (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (4) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Bruce Edward Smith, Jr., ("Petitioner"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree premeditated murder, Mich. Comp. Laws § 750.316, second-degree arson, Mich. Comp. Laws § 750.73(1), felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b.  (ECF No. 1, Petition.) For the reasons that follow, the petition for a writ of habeas corpus is DENIED WITH PREJUDICE.

# I. BACKGROUND

Petitioner was convicted following a bench trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions arise from the shooting of Anthony Michael and subsequent acts of arson designed to cover up the crime. That evening, defendant and his housemate, Marcia Powell, drank alcohol and smoked marijuana with Michael and an unidentified woman. At some point, Powell retired to her first-floor bedroom and the unidentified woman went upstairs to defendant's bedroom. Shortly thereafter, Powell heard Michael talking loudly, followed by four gunshots coming from the dining room. After hearing "a bunch of runnin' around, stumbling," Powell heard three more gunshots. When Powell came out, she observed Michael lying on the dining room floor with multiple gunshot wounds to his head and neck. Michael was still breathing. Defendant was also in the dining room, gathering drugs that he and Anthony "were selling" and placing them into a bag. Powell asserted that no one else could have entered the home before the shooting as the front door was blocked with a two-by-four and she would have heard it being removed to allow someone entry.
>
> Powell and the unidentified woman left together through the house's front door. As the women left, Powell saw defendant reenter the home with a bottle of charcoal lighter fluid. The fire investigator testified that the fire originated near Michael's body in the dining room and was started with charcoal lighter fluid. Michael's cause of death, however, was four gunshot wounds. Approximately a week after Michael's murder, his girlfriend, Keisha Mays, received a call from a man who did not identify himself, but whose voice she recognized as defendant's. The caller apologized but indicated that he would not turn himself in. Three days later, someone placed Michael's cell phone in Mays's mailbox. Mays noticed a truck driven by defendant on the night of the

murder parked four houses away, and defendant's brother was in the driver's seat.

*People v. Smith*, No. 342889, 2019 WL 1644990, at*1 (Mich. Ct. App. Apr. 16, 2019), *lv. den.*, 504 Mich. 997, 934 N.W.2d 241 (2019).

Petitioner seeks a writ of habeas corpus on the following ground:

The Michigan Court of Appeals unreasonably applied clearly established federal law as determined by the Supreme Court of the United States in *Virginia v. Jackson*, 443 U.S. 307; 99 S. Ct. 2781; 61 L. Ed. 2nd 560 (1979), where the evidence was insufficient to convict the petitioner, consisting of speculation, conjecture, suspicion, and not to [sic] sufficient evidence as required by *Jackson v. Virginia*, in violation of the due process clause of the Fourteenth (14th) Amendment to the United States Constitution.

(ECF No. 1, Petition, PageID.7.)

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of

3

>>the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. DISCUSSION

**A. The insufficiency of evidence claim.**

Petitioner contends that there was insufficient evidence to convict him of the crimes. He argues that insufficient evidence was presented at trial to establish his identity as the murderer, so as to support his convictions. Petitioner also appears to

4

argue that there was insufficient evidence of premeditation and deliberation to sustain his first-degree murder conviction.

As an initial matter, Respondent in the heading of their answer states that Petitioner has not exhausted his new theory of the insufficiency of evidence, precluding relief.

A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion mandates that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012). "[I]nsufficiency of the evidence is too broad and malleable an objection" to hold that challenging the sufficiency of the evidence on one theory in the state courts is enough to preserve for federal habeas review a challenge to the sufficiency of evidence on a factually and legally distinct theory never fairly presented to the state courts. *See Johnson v. Alabama,* 256 F.3d 1156, 1170 (11th Cir. 2001).

Contrary to Respondent's blanket assertion, Petitioner did raise all of his sufficiency of evidence claims in the state courts. Petitioner's appellate counsel

challenged the sufficiency of evidence of premeditation and deliberation to support the first-degree murder conviction in the appeal brief that counsel filed with the Michigan Court of Appeals. (ECF No. 10-14, PageID.507-30).  Petitioner raised a challenge to the sufficiency of evidence to support his identity as the perpetrator and a claim that the judge ignored inconsistencies between Ms. Powell's trial testimony and her earlier police statements in a *pro per* supplemental brief on appeal that he filed with the Michigan Court of Appeals. (*Id.,* PageID.536-59).[1] More importantly, the Michigan Court of Appeals addressed and denied all of Petitioner's claims.  It appears that Petitioner's claims have been properly exhausted.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970).  But the crucial question on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  A court need not "ask itself whether *it*

---

[1] Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a *pro se* brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." *Ware v. Harry,* 636 F. Supp. 2d 574, 594, n. 6 (E.D. Mich. 2008).

believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted) (emphasis in the original). The *Jackson* standard applies to bench trials, as well as to jury trials. *See e.g. U.S. v. Bronzino,* 598 F.3d 276, 278 (6th Cir. 2010).

When considering a challenge to the sufficiency of the evidence to convict, the reviewing court must give circumstantial evidence the same weight as direct evidence. *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993). "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006) (internal quotation omitted); *see also Saxton v. Sheets*, 547 F.3d 597, 606 (6th Cir. 2008) ("A conviction may be sustained based on nothing more than circumstantial evidence."). Moreover, "[c]ircumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003) (quoting *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 508 n.17 (1957)); *see also Holland v. United States*, 348 U.S. 121, 140 (1954) (circumstantial evidence is "intrinsically no different from

testimonial evidence," and "[i]f the jury is convinced beyond a reasonable doubt, we can require no more"); *Harrington,* 562 U.S. at 113 ("sufficient conventional circumstantial evidence" supported the verdict).

A federal habeas court cannot overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. A federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* For a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in

testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003); *see also Butzman v. U.S.,* 205 F.2d 343, 349 (6th Cir. 1953) (in a bench trial, credibility of witnesses is a question for trial judge).

Petitioner's primary argument is that there was insufficient evidence presented at trial to establish his identity as the perpetrator.

Under Michigan law, "[T]he identity of a defendant as the perpetrator of the crimes charged is an element of the offense and must be proved beyond a reasonable doubt." *Byrd v. Tessmer*, 82 F. App'x 147, 150 (6th Cir. 2003) (citing *People v. Turrell*, 25 Mich. App. 646, 181 N.W.2d 655, 656 (1970)).

The Michigan Court of Appeals rejected Petitioner's claim as follows:

> There was adequate circumstantial evidence from which the court could determine that defendant was the shooter. Powell and the unidentified woman had both left the living area of the home to go to bed, leaving defendant and Michael alone. Powell's bedroom was near the front door and she heard no one else enter. Immediately after the shooting, Powell found defendant alone with Michael's body. And Powell testified that defendant owned a gun to which he had easy access that evening.

*People v. Smith*, 2019 WL 1644990, at *2.

The Michigan Court of Appeals' decision was reasonable, precluding habeas relief. Identity of a defendant can be inferred through circumstantial evidence. *See Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). Ms. Powell testified

9

that she and petitioner had been drinking alcohol and smoking marijuana with the victim and an unidentified woman at Petitioner's house. Ms. Powell went to her first-floor bedroom and the other woman went upstairs to Petitioner's bedroom. A short time later, Ms. Powell heard several gunshots, followed by sounds of running and stumbling, followed by more gunshots. Ms. Powell came out to the dining room and observed the victim lying on the floor with several gunshots. Petitioner was the only other person in the dining room. Ms. Powell noticed Petitioner gathering up drugs that he and the victim had been selling and placed them in a bag. Ms. Powell also testified that no other person could have entered the home before the shooting because the front door was blocked with a two-by-four and she would have heard it being removed to allow another person entry. Based on this circumstantial evidence alone, a reasonable trier of fact could infer that Petitioner was the shooter.

Additional circumstantial evidence supported the judge's determination that Petitioner was the perpetrator. When Ms. Powell and the other woman left the house, Powell saw Petitioner come back into the home with a bottle of charcoal lighter fluid. The fire investigator testified that the fire in the house started near the victim's body in the dining room and was started with charcoal lighter fluid. A reasonable trier of fact could conclude that Petitioner started the fire with the lighter fluid in order to burn the body to conceal the fact that the victim had been

shot. Petitioner's contact with lighter fluid at the time of the shooting would permit a rational trier of fact to conclude that Petitioner had committed the arson and the murder in this case, so as to support his convictions. *See Saxton v. Sheets,* 547 F.3d at 606. A defendant's erratic and suspicious behavior in the aftermath of a murder is also sufficient circumstantial evidence to support a jury's finding that the defendant was the perpetrator. *See Johnson v. Coyle,* 200 F.3d 987, 992 (6th Cir. 2000). Petitioner's conduct in attempting to gather up the drugs at the time of the shooting and then setting the victim and the house on fire is additional circumstantial evidence of his guilt.

Finally, the victim's girlfriend, Keisha Mays, received a call a week after the murder from a man who did not identify himself, but whose voice she recognized as being Petitioner's voice. When she asked the caller what happened, he admitted that he had done it and apologized but indicated that he would not turn himself in. Ms. Mays interpreted what Petitioner said to mean that he had killed the victim. (ECF No. 10-8, PageID.249-50).

"[A]n admission by the accused identifying himself as the person involved in the (crime) is sufficient to sustain a guilty verdict when the crime itself is shown by independent evidence." *United States v. Opdahl*, 610 F.2d 490, 494 (8th Cir. 1979); *see Johnson v. Coyle,* 200 F.3d at 992 (petitioner's identity as murderer supported in part by evidence that he confessed several times to murdering sister);

11

*Sok v. Romanowski,* 619 F. Supp. 2d 334, 351 (W.D. Mich. 2008) (evidence sufficient to establish petitioner's identity as armed robber where his admissions placed him at the location of the crime); *Hatchett v. Withrow*, 185 F. Supp. 2d 753, 759 (E.D. Mich. 2002) (petitioner's identity as perpetrator of crime supported in part by his detailed confession to the crime).

Because there were multiple pieces of evidence, including eyewitness testimony, to establish Petitioner's identity as the shooter, the Michigan Court of Appeals did not unreasonably apply *Jackson v. Virginia* in rejecting Petitioner's sufficiency of evidence claim. *See e.g. Moreland v. Bradshaw*, 699 F.3d 908, 919-21 (6th Cir. 2012).

Petitioner further claims that there was insufficient evidence of premeditation and deliberation to sustain his first-degree murder conviction. The Michigan Court of Appeals rejected this claim as follows:

> Here, there was evidence that defendant and Michael were partners in a drug-selling operation, although there was no indication of any prior hostility between the men. Defendant waited until he and Michael were alone to commit his crime. Powell heard Michael talking loudly just before she heard four gunshots. There was then a lull in the action before Powell heard three more gunshots. The fact finder could infer from this evidence that defendant acted menacingly toward Michael, leading him to yell. Powell heard running and stumbling in between the two rounds of gunfire. The sounds suggest either a struggle or that Michael attempted to flee. The time in between the rounds of gunfire gave defendant ample opportunity to reconsider his actions and he chose to finish the job by firing an additional three shots at Michael. Defendant's act of taking his and Michael's shared drug inventory for himself leads to an inference that he planned the murder for financial

12

> benefit. And immediately returning to the home with charcoal lighter fluid with the intent of covering up his crime suggests preplanning. Defendant contends that as Powell heard only Michael speaking loudly before the shooting, it is likely that Michael was the aggressor. Defendant only shot Michael "in the heat of passion," negating the element of premeditation and deliberation, he asserts. But this is only one possible interpretation of the evidence and the court seemingly rejected it. We may not interfere with that assessment.

*People v. Smith*, 2019 WL 1644990, p. 2.

To convict a defendant of first-degree murder in Michigan, the state must prove that a defendant's intentional killing of another was deliberated and premeditated. *See Scott v. Elo*, 302 F.3d 598, 602 (6th Cir. 2002) (citing *People v. Schollaert*, 194 Mich. App. 158; 486 N.W.2d 312, 318 (1992)). The elements of premeditation and deliberation may be inferred from the circumstances surrounding the killing. *See Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001) (citing *People v. Anderson*, 209 Mich. App. 527, 537; 531 N.W.2d 780 (1995)). Premeditation may be established through evidence of the following factors:

> 1. the prior relationship of the parties;
> 2. the defendant's actions before the killing;
> 3. the circumstances of the killing itself; and
> 4. the defendant's conduct after the homicide.

*Cyars v. Hofbauer,* 383 F.3d 485, 491 (6th Cir. 2004); *Anderson*, 209 Mich. App. at 527.

13

Although the minimum time required under Michigan law to premeditate "is incapable of exact determination, the interval between initial thought and ultimate action should be long enough to afford a reasonable man time to subject the nature of his response to a 'second look.'" *See Williams v. Jones,* 231 F. Supp. 2d 586, 594-95 (E.D. Mich. 2002) (quoting *People v. Vail,* 393 Mich. 460, 469; 227 N.W.2d 535 (1975)). "A few seconds between the antagonistic action between the defendant and the victim and the defendant's decision to murder the victim may be sufficient to create a jury question on the issue of premeditation." *Alder v. Burt,* 240 F. Supp. 2d 651, 663 (E.D. Mich. 2003). "[A]n opportunity for a 'second look' may occur in a matter of seconds, minutes, or hours, depending upon the totality of the circumstances surrounding the killing." *Johnson,* 159 F. Supp. 2d at 596 (quoting *People v. Berthiaume*, 59 Mich. App. 451, 456 (1975)). Furthermore, premeditation and deliberation may be inferred from the type of weapon used and the location of the wounds inflicted. *See People v. Berry*, 198 Mich. App. 123, 128; 497 N.W.2d 202 (1993). Use of a lethal weapon will support an inference of an intent to kill. *Johnson,* 159 F. Supp. 2d at 596 (citing *People v. Turner*, 62 Mich. App. 467, 470; 233 N.W.2d 617 (1975)). Finally, premeditation and intent to kill may be inferred from circumstantial evidence. *See DeLisle v. Rivers,* 161 F.3d 370, 389 (6th Cir. 1998).

Ms. Powell testified that petitioner fired multiple gunshots, which would be sufficient to establish premeditation and deliberation. *See Thomas v. McKee*, 571 F. App'x 403, 407 (6th Cir. 2014). The fact that there was a pause between the first set of gunshots and the second set of gunshots would permit a rational trier of fact to conclude that Petitioner had time to subject his actions to a second look, so as to support a finding that he acted with premeditation and deliberation. *See Peoples v. Lafler*, 734 F.3d 503, 518 (6th Cir. 2013). The circumstantial evidence suggests that the victim may have been running away from Petitioner after the first set of gunshots. Petitioner's act of firing the second round of gunshots while the victim was attempting to run away also supports a finding of premeditation and deliberation. *Id.* Evidence that Petitioner attempted to conceal his crime by burning the victim's body is further evidence of premeditation. *See People v. Gonzalez*, 468 Mich. 636, 642 (2003). Finally, the parties stipulated that Petitioner was arrested by the police in a hotel room in Goodlettsville, Tennessee, on March 27, 2017, which would suggest that Petitioner fled the state after the shooting. (ECF No. 10-10, PageID.362). The fact that Petitioner fled the scene afterwards also supports a finding of premeditation. *See e.g. Marsack v. Howes*, 300 F. Supp. 2d 483, 492 (E.D. Mich. 2004).

A federal court's review on habeas is very deferential to the state courts regarding sufficiency of evidence claims. This Court cannot say that the Michigan

15

Court of Appeals' rejection of Petitioner's insufficiency of evidence claim resulted in a decision that was contrary to, or involved an unreasonable application of *Jackson*. *Durr v. Mitchell,* 487 F.3d 423, 448 (6th Cir. 2007). "While there may have been other possible conclusions that the [judge] could have drawn from the evidence, a determination of premeditation 'beyond a reasonable doubt' does not require a [judge] to find that the evidence eliminates every other reasonable theory except that presented by the prosecution." *Titus v. Jackson*, 452 F. App'x 647, 650 (6th Cir. 2011).

Petitioner contends that the judge, in reaching his verdict, ignored inconsistencies between Ms. Powell's trial testimony and her statements to the police.

A federal court reviewing a state court conviction on habeas review that is "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Cavazos v. Smith,* 565 at 7 (quoting *Jackson v. Virginia,* 443 U.S. at 326). When evidence in a bench trial "consists largely of contradictory oral evidence, due regard must be accorded the trial court's opportunity to judge the credibility of witnesses." *Bryan v. Government of Virgin Islands,* 150 F. Supp. 2d 821, 827 (D. Virgin Islands 2001). In this case, the trial court judge chose to credit

16

Ms. Powell's trial testimony. This Court must defer to the trial court's credibility findings. *Id.* at 828. Petitioner is not entitled to relief on his claim.

Petitioner has also filed a motion to have various documents provided to him at court cost so that he could prepare a reply brief. (ECF No. 7.) Petitioner has filed a reply brief (ECF No. 11), which this Court has reviewed. Petitioner's motion to produce the documents (ECF No. 7) is denied as moot because he was able to file a reply brief.

The Court denies the petition for a writ of habeas corpus. The Court will deny Petitioner a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this Opinion and Order, the Court will deny Petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of Petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002).

The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV. CONCLUSION

Accordingly, the Court DENIES WITH PREJUDICE the petition for a writ of habeas corpus (ECF No. 1). The motion for documents (ECF No. 7) is DENIED AS MOOT. The Court further DENIES a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

          s/Paul D. Borman
          PAUL D. BORMAN
          UNITED STATES DISTRICT JUDGE

DATED: January 27, 2021